**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**APR 17 2000**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

FEDERAL TRADE COMMISSION,

    Petitioner-Appellee,

v.

MT. OLYMPUS FINANCIAL, L.L.C.,
DAN HORMAN and ANNETTE
HORMAN,

    Respondents-Appellants.

No. 99-4099
(District of Utah)
(D.C. No. 98-CV-783-B)

**ORDER AND JUDGMENT**[*]

Before **EBEL** and **KELLY**, Circuit Judges, and **ELLISON**, Senior District Judge.[**]

Mt. Olympus Financial, L.L.C., Ron Horman and Annette Horman (hereinafter jointly referred to as "Mt. Olympus"), appeal from an Order of the District Court compelling compliance with civil investigative demands ("CIDs") issued by the Federal Trade Commission ("FTC").

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir.R. 36.3.

[**] The Honorable James O. Ellison, Senior United States District Judge, Northern District of Oklahoma, sitting by designation.

Mt. Olympus is a subprime lender extending credit to higher risk borrowers. The Hormans are the corporation's principals. On July 6, 1998, the FTC, in connection with an investigation into the lending practices of Mt. Olympus Financial issued CIDs requesting certain of its files, books, correspondence and documents. The inquiry was made to determine whether Olympus was in violation of the Truth-in-Lending Act, 15 U.S.C. §§160 et seq. (the TILA), including the Home Ownership and Equity Protection Act of 1994, 15 U.S.C. §§1639 (the HOEPA). Authority to investigate such possible violations is vested in the commission by virtue of 15 U.S.C. §46(a); authority to issue CIDs is granted by 15 U.S.C. §57b-1.

Each CID contained thirteen specifications which sought documents relating to the loans made by Mt. Olympus. They requested documents showing the total number of loans made, dates and amounts of the loans, interest rates, and payment status of the loans together with information regarding any foreclosure proceedings. The CIDs were limited to documents pertaining to loans secured by the borrower's dwelling.

Mt. Olympus took the position that the CIDs were improper, on the grounds that Mt. Olympus issued only business loans which they alleged were exempt from the coverage of the TILA and the HOEPA. Mt. Olympus filed a timely Petition to Quash the CIDs, urging that the information sought was not within the scope of the FTC's investigation, that the information sought was not relevant to the matters under investigation, and that the requests were vague, overly broad and unduly burdensome. The FTC denied the Petition to Quash

and the respondents refused to comply with the CIDs without a court order.

The FTC commenced proceedings in the United States District Court for the District of Utah, Central Division, to enforce the CIDs. Olympus argued to the Magistrate Judge to whom the case had been referred, that the FTC was conducting a "fishing expedition", that the investigation was "unreasonable" under the Fourth Amendment to the United States Constitution, that the CIDs exceed the scope of the investigation authorized by the Commissioners, and that the loans, being business loans, are outside the scope of the investigation. The Magistrate Judge, by order dated February 12, 1999, required Olympus to comply with the CIDs.

Olympus objected to the order which was then reviewed de novo by the district court. The district court, by order entered May 11, 1999, determined that the purpose of the FTC in issuing the CIDs was properly within the authority of the agency; that the CIDs were reasonably relevant to, and within the proper scope of, the FTC's investigation; that the material sought was not privileged; that the FTC did not already possess the materials; and that the production of the documents was not unduly burdensome. Olympus complied with the ruling of the district court and then appealed from its order. We note that the production of the documents does not moot the appeal. See Church of Scientology v. United States, 506 U.S. 9, 13 n.6, 113 S.Ct. 447, 121 L.Ed.2d 313 (1992).

We review for clear error the district court's findings that each of the constitutional requirements for enforcement of the CIDs was satisfied.

The initial inquiry is whether the FTC issued the CIDs for a lawful investigative purpose. The investigation was to determine whether Mt. Olympus had violated the TILA or the HOEPA by issuing personal, family or household loans not in compliance with their requirements.[1] The documents requested were reasonably relevant to an inquiry clearly within the authority of the FTC. See Security and Exchange Commission v. Blackfoot Bituminous, Inc., 622 F.2d 512, 514 (l0th Cir.), cert denied, 449 U.S. 955 (l980); Equal Employment Opportunity Commission v. University of New Mexico, 504 F.2d 1296, 1303 (l0th Cir. 1974).

Moreover, the CIDs requested documents that were clearly relevant to the investigation. They could confirm or disprove specific allegations of wrongdoing by Mt. Olympus as reported by some of its borrowers. The FTC should be allowed to ascertain the facts. See Amateur Softball Ass'n of America v. United States, 467 F.2d 312, 315 n.3 (l0th Cir. 1972).

The requests were not overly broad or unduly burdensome. The FTC narrowed the requested documentation to loans that were secured by the borrower's dwelling. It could have asked for much more. See Phillips Petroleum Co. v. Lujan, 951 F.2d 257, 260 (10th Cir. 1991)(citing United States v. Morton Salt Co., 338 U.S. 632, 642-43, 70 S.Ct. 357, 363-64,

_____

[1] The FTC asserts that it has been informed by a number of borrowers of Mt. Olympus that Mt. Olympus instructed them to falsify their loan applications to indicate that their loans were for business purposes when the loans were actually primarily for personal, family, or household purposes.

94 L.Ed. 401 (l950)).

We have reviewed all additional arguments tendered by Appellant and find them not persuasive. As found by the District Court all requirements for enforcement were met. The Judgment of the District Court is AFFIRMED.

Entered for the Court


James O. Ellison
Senior United States District Judge